Fletcher, J.
The principal question in this case is, whether the defendants violated their charter by the manner in which they located their road. The charter, in prescribing the route *242 for the location and construction of the road, says, “running through Acton, Sudbury, Stow, Marlborough, Bolton,” &c.
The road was in fact located so as to pass through a corner of Stow, before coming to Sudbury, thence on to Sudbury and Stow again, thence through the other towns in the order in which they are mentioned in the charter. For the commonwealth it was maintained, that the defendants were bound to locate their road through the towns named, in the order in which they were named, and that it was, of course, a violation of their charter to locate the road through a corner of Stow, before passing through Sudbury. The decision of this question depends entirely on the construction of the charter, and the meaning of the charter being perfectly clear and intelligible, that meaning cannot be altered or varied by any extraneous evidence. The charter requires, that the road should go through the towns named, and that is all it requires; there is nothing directing the order in which the road should pass through the towns, nor restricting it to passing through them but once. The charter says, “ running through Acton, Sud-bury, Stow, Marlborough,” &c., in the most general terms. It does not even say running through Acton, thence to Sudbury, thence to Stow, See.; it says nothing, and imports nothing, and upon a just construction can be taken to mean nothing, more than that the road should go through those towns. The order in which the towns are named in the charter has no reference to the order in which the road shall be located and constructed through those towns. The charter was not in tended as a particular description or plan of the location. The legislature deemed it for the public good to provide that the road should go through the towns named, and beyond that it was not deemed necessary to make any provision. The legislature was willing to leave it to the corporation, to locate and construct their road so as to pass through the towns in such order and so many times as in their discretion should be expedient and necessary for the accommodation of the public travel and business.
If it had been the intention of the legislature to restrict the corporation in these particulars, the charter, no doubt, would *243 have been more particular and specific. It was, therefore, no violation of the charter for the defendants to locate their road through a corner of Stow before entering Sudbury.

New trial granted.